JUSTICE COTTER
dissents.
¶29 I dissent from the Court’s disposition of Issue One. I would reverse the District Court’s conclusion that the biological father did not willfully abandon his child within the meaning of § 42-2-608(l)(b), MCA. I would not reach Issue Two.
¶30 “Abandon” is defined at 41-3-102(l)(a)(i), MCA, as “leaving a child under circumstances that make reasonable the belief that the parent does not intend to resume care of the child in the future.” It is essentially undisputed-and the District Court found-that between October 2005 and February 2009, there was no contact between the birth father and the child. The court further found that the father had not left the child under circumstances that made it reasonable to assume that he intended to resume care of the child in the future. Yet, in contradictory fashion, the court concluded that the conduct of the father had not been “willful.” The statutory definition of “willful,” however, belies this conclusion.
¶31 “Willfully” is defined at § 1-1-204(5), MCA, to mean “a purpose or willingness to commit the act.... It does not require any intent to violate the law, to injure another, or to acquire any advantage.” There can be no question that the decision to forego any contact with the child for a period in excess of three years was willful, as this is clearly a volitional act. More to the point, it matters not under the statutory definition of “willful” what the father’s intent was. Nonetheless, the District Court concluded that because there was no specific manifest intent to abandon the child, the father’s rights should not be terminated. In so doing, the court ignored the definition of “willful,” and inserted into the statutory scheme a threshold level of intent that the statutes clearly do not require.
¶32 I agree with the stepfather: If three and one-half years without contact does not constitute abandonment as defined under law, then I can scarcely conceive of what term of years or circumstance would constitute it. Because the Petitioner more than met the statutory requirements for demonstrating abandonment, I would reverse the District Court’s decision and remand with instructions to grant the petition to terminate parental rights. I dissent from our failure to do so.